STATE, WILLIAM CURRIE AND ELLEN CURRIE, PROSECUTORS, v. H. K. VAN HORN, COLLECTOR OF BAYONNE.

The action of commissioners of appeal in changing an assessment of a tract of land by city lots to an assessment of the same land by the acre, without changing the value of the entire tract, does not invalidate the assessment.

On *certiorari.*

This *certiorari* brings up an assessment against the prosecutors for certain lands in the city of Bayonne. The prosecutors previous to 1870 laid out these lands in city lots, in conformity with a map made by the corporation for the purposes of taxation.

The land was assessed by lot as designated upon this map. The commissioners of appeal, without changing the amount of the entire assessment for the prosecutors' land, changed the assessment so that instead of being assessed by the lot it was assessed by the acre. This assessment is brought up for reversal.

Argued at November Term, 1877, before Justices SCUDDER, DIXON and REED.

For the prosecutors, *P. Bentley.*

For the defendant, *E. A. S. Man.*

State, Currie, pros., v. Van Horn.

· The opinion of the court was delivered by

REED, J. It is not now a question that where lands are situate within city limits, and marked off into lots by map, they can be assessed either by lot or in bulk, at the discretion of the assessor, so long as the assessment is not in excess of the actual value of property, and so long as there is no express requirement in the charter directing an assessment by lot. It was held in the case of *State* v. *Collector of Jersey City*, 4 *Zab.* 108, that under the charter of Jersey City requiring the number of lots or parcels assessed to each person to be designated, that the assessment of a block of lots at a round sum, even in cases where the lots were of unequal value, was not erroneous. The court say "it is not required that each lot shall be separately valued ; such is not the law or practice in assessing under the general tax law." The court also held that it did not invalidate the assessment because there would be a difficulty in advertising and selling lots, or because one might be encumbered and another not.

Unless the law, by express direction or by necessary implication, requires each lot to be assessed and valued separately, it does not follow that the assessment is void and must be set aside, because it may happen in a particular case that some of the modes prescribed for the collection of taxes cannot be used.

The assessment of this land by the acre was not wise.

It was intended probably to meet the requirement of the act of 1876. *Pamph. L.*, *p.* 240 ; *Rev.*, *p.* 711. But it is clear that, under the adjudications already existing, the assessment is not invalid.

Does the fact that the commissioners changed the assessment by lot to an assessment by the acre, work such error as invalidates the assessment. I think it does not. The board of commissioners would have had no right to have raised the assessable value of the property without notice to the prosecutors. But, inasmuch as their action affected no substantial right of the prosecutors, I do not think they can now complain. In the case of *State* v. *Jersey City*, 1 *Dutcher* 525,

certain lots, not taxable, were included in the duplicate with land taxable. It was an agreed fact that the value of the taxable part was equal to the assessed value of all the lands in the duplicate. Elmer, J., said it is only necessary to amend the duplicate by striking out the water lots and by adding their value to the value of the other lots, and it will be correct. Such an amendment the commissioners of appeal might have ordered had the case been before them, and I think the court ought to treat the case as if that was done. The defect is a defect of form and not of substance. The assessment is personal, constituting a claim against the individual prosecutors, and being shown to be, so far as the city and county taxes are concerned, precisely what it ought to have been, I am of opinion it should, to that extent, be affirmed.

The rule seems to be, that so far as the assessment itself is concerned, that unless the statute under which it is made is so framed as to compel a construction that an assessment is to be made to an owner of land by lot or lots, or upon the entire tract, or by specific description, the owner's substantial interest is only in the amount assessed, and if a correct amount is secured, the method of arriving at it, whether by an assessment by lot or by an assessment by block or in bulk, is only matter of form and not of substance.

Even direction of statutes as to manner of assessing will, when possible, be construed as directory merely. *State, Paulison, pros.*, v. *Taylor, Collector of Paterson,* 6 *Vroom* 184.

I think the present assessment should be affirmed, without costs.